UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Steve Wilson, # 135282,               )
                                       )
                                       ) C/A No. 6:14-2-JFA-KFM
                        Petitioner,   )
                                       )
vs.                                    )
                                       ) **Report and Recommendation**
Willie Eagleton, *Warden*,             )
                                       )
                                       )
                        Respondent.    )
_____

## Background of this Case

Petitioner is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. On March 9, 1987, in the Court of General Sessions for Anderson County, Petitioner was convicted, pursuant to a jury's verdicts, of armed robbery and first-degree burglary and was sentenced to life plus twenty years. The Supreme Court of South Carolina, on direct appeal, affirmed the convictions in *State v. Wilson*, Memorandum Opinion No. 88-MO-079 (S.C. Mar. 21, 1988).

Petitioner filed an application for post-conviction relief, which was dismissed and denied by the Court of Common Pleas for Anderson County on August 15, 1989. Petitioner indicates that he appealed the denial of post-conviction relief. Petitioner reveals that he later filed a "State Habeas Corpus/P.C.R.," which was denied on October 1, 2003. Petitioner states that he appealed the denial of habeas relief.

Petitioner raises two grounds in the Petition: *(I)* actual innocence; and *(II)* denial of Due Process resulting from actions of Solicitor and trial judge to change nature and cause of the indicted offense (ECF No. 1 at 4).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).

In *Steven Cecil Wilson v. State of South Carolina; and Attorney General of the State of South Carolina*, Civil Action No. 6:95-161-MJP, Petitioner on January 10, 1995, brought a habeas corpus action to challenge his convictions for armed robbery and first-

degree burglary. On January 19, 1995, the Honorable William M. Catoe, United States Magistrate Judge, granted Petitioner's motion for leave to proceed *in forma pauperis* and directed the respondents to file an answer, response, or return. After receiving an extension of time, the respondents on March 20, 1995, filed a return, memorandum, and motion for summary judgment. On March 22, 1995, Magistrate Judge Catoe, by order, apprised Petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner responded to the motion for summary judgment on May 1, 1995.

On July 5, 1995, Magistrate Judge Catoe recommended that the respondents' motion for summary judgment be granted (ECF No. 16). The parties in Civil Action No. 6:95-161-MJP were apprised of their right to file timely written objections to the Report and Recommendation. On July 13, 1995, petitioner timely filed written objections (ECF No. 17). On February 12, 1996, the Honorable Matthew J. Perry, Jr., Senior United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondents (ECF No. 19). The Clerk of Court formally entered the judgment on February 14, 1996 (ECF No. 20). No appeal was filed in Civil Action No. 6:95-161-MJP.

This Court may take judicial notice of C.A. No. 6:95-161-MJP. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior

3

petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).  Since Civil Action No. 6:95-161-MJP was decided by summary judgment, the instant Petition is successive, notwithstanding the subsequent state court post-conviction proceedings.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case.  Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he must seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

4

### *Recommendation*

Accordingly, it is recommended that the § 2254 Petition be dismissed *without prejudice* and without requiring Respondent to file an Answer or return because the Petition is successive. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the district court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

January 8, 2014                                         s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).