UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steve Wilson, | ) | C/A No.  6:14-0002-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Willie Eagleton, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Steven Wilson, brings this action pursuant to 28 U.S.C. § 2254 seeking to vacate, correct, or set aside his 1987 state court conviction and life sentence.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines that the § 2254 petition should be summarily dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation and he has timely done so.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge notes that the petitioner has previously and unsuccessfully raised a challenge to his state conviction in *Wilson v. State of South Carolina* (C/A No. 6:95-161-MJP-WMC) (D.S.C.) wherein the court considered the petition on the merits and granted summary judgment to the respondent. The Magistrate Judge is correct in his opinion that the claims raised in this petition, and construed under § 2254, are successive. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

In his objections to the Report, petitioner claims that he is actually innocent. Regardless of the petitioner's arguments in his objections, petitioner provides no indication that he requested and received permission from the Fourth Circuit prior to filing this petition, thus, it is subject to summary dismissal. Petitioner can obtain the forms necessary to seek authorization to file a second or successive habeas petition from the Clerk's Office of the Fourth Circuit Court of Appeals.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation is proper and is incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

2

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 7, 2014
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."